STANDARD BRIDGE COMPANY, APPELLEE, V. KEARNEY COUNTY; JOEL HULL, APPELLANT.

FILED APRIL 3, 1914. No. 17,275.

1. Counties: BRIDGE REPAIRS. The principal question controverted in this case was determined in *Buffalo County v. Kearney County,* ante, p. 439, for the reasons there given.

2. Appeal: STIPULATION OF FACTS. When the parties agree and stipulate a material fact for the purpose of trial in the district court, they will not be allowed in this court on appeal to dispute the fact so stipulated.

3. ———: ISSUES. A case on appeal rests upon the issues tendered and finally determined in the district court.

APPEAL from the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Joel Hull, J. L. McPheely* and *Brown, Baxter & Van Dusen,* for appellant.

*Jesse L. Root, E. C. Strode* and *M. V. Beghtol,* contra.

FAWCETT, J.

In this case the question which is determined in *Buffalo County v. Kearney County, ante,* p. 439, is principally discussed by the appellant, and is there determined adversely to his contention.

The repairs upon the bridge in this case were made by plaintiff under a contract between Buffalo county and Kearney county jointly, on the one part, and plaintiff, on the other. A further contention of the appellant is that the contract was void because the contract was let without advertising for bidders. The case was tried upon a

stipulation of facts, in which it is stipulated "that an emergency existed for the immediate repairing of said bridge as was provided by the terms of said joint contract, and the board of supervisors of the respective counties, parties to said contract, so declared, found and determined that the interests of the respective counties required immediate action on the part of said counties for the repairing of said bridge."

The appellant contends that the evidence shows that no emergency existed, and the evidence recited in the brief might make the question a serious one if it were open to investigation in this case. The county board of the county of Kearney allowed the claims, and this appellant alone removed the case to the district court by appeal. He was the sole defendant contesting the matter in the district court, and is alone contesting it here. After stipulating the fact as above, it was unnecessary for the plaintiff to produce evidence upon that trial in that court as to the existence of an emergency, and none was offered upon the plaintiff's part. It must be heard in this court on appeal as it was in the district court, and the stipulation of facts is the only evidence that we can consider. We must therefore assume that an emergency existed within the meaning of the statute when the counties entered into the contract with the plaintiff for the repairs of the bridge.

The allegation in appellant Hull's answer is that the resolutions of the two county boards that an emergency existed "did not create an emergency, and that, unless an emergency existed in fact, no contract could be binding upon Kearney county unless it first advertised for bidders." The stipulation in the record, above set out, admits "that an emergency existed for the immediate repairing of said bridge." Such being the fact, the boards were not required to advertise for bidders. Ann. St. 1909, sec. 6144.

In the brief filed by appellant, the point is attempted to be made that, by section 3, ch. 55, laws 1905, when the boards declared that an emergency existed, they should have given notice of their intention to make repairs by at

least one publication in some newspaper of general circulation in the county. No such question is raised by the pleadings or in the motion for new trial. A case on appeal rests upon the issues tendered and finally determined in the district court.

Finding no prejudicial error in the record, the judglent of the district court is

AFFIRMED.